# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBRA LEE KRAUS | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:09–CV–01697 (MRK) |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| BEIERSDORF INC.  aka | : | |
| BEIERSDORF NORTH AMERICA INC.; | : | |
| *Defendant* | : | JULY 14, 2010 |

## THIRD AMENDED COMPLAINT

### I.   THE PARTIES

1. Plaintiff is a resident of New Haven County in the State of Connecticut; whose address is P.O. Box 192, Greens Farms, CT 06838-0192.

2. Defendant Beiersdorf Inc. aka Beiersdorf North America, Inc., located at 360 Dr. Martin Luther King Drive in Norwalk Connecticut; whose headquarters Beiersdorf North America Inc. is located at 187 Danbury Road, Wilton, Connecticut  06897.  BDF is also known as Beiersdorf North America Inc.

### II.   JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1), 42 U.S.C. §2000e-5(f)(3); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, ("ADEA") and the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA").  This Court additionally has supplementary jurisdiction over Plaintiff's claims under the Connecticut General Statutes §46(a)-60(a)(1) pursuant to 28 U.S.C. §1367.

4. Plaintiff filed a timely charge of employment discrimination, harassment and retaliation with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC") against Defendant on or about February 7, 2008, complaining of discrimination, harassment and retaliation based upon sex and/or gender, and age as alleged herein.

5. The EEOC issued the Plaintiff a Notice of Right to Sue (Issued on Request), dated July 27, 2009.  A copy of Plaintiff's original copy of the Notice of Right to Sue is annexed hereto as "Exhibit A."

6. The EEOC issued the Plaintiff a corrected copy of the Notice of Right to Sue (Issued on Request), dated July 27, 2009 to include the Americans with Disabilities

Claim ("ADA").  A copy of the corrected copy of the Notice of Right to Sue is annexed hereto as "Exhibit B."

7.  Plaintiff also filed three timely charges of retaliation against Defendants with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC") complaining of repeated acts of retaliation based upon the Plaintiff reporting/complaining (both internally and externally) of past and present acts of discrimination, harassment and retaliation.

8.  The EEOC issued Plaintiff three Notice of Right to Sue (Issued on Request) letters, dated October 30, 2009.  A copy of Plaintiff's three Notice of Right to Sue (Issued on Request) letters is annexed hereto as "Exhibit C."

9.  At all times relevant to this action, the Defendant employed over 15 people.

### III.   **VENUE**

10.  Venue for this action in the District of Connecticut under 28 U.S.C. §1391 (b) since all of the acts alleged herein were committed within this state.

### IV.   **FACTS**

11.  Plaintiff began her employment with Beiersdorf Inc. on March 4, 1993 as a Sr. Programmer Analyst (AS/400, system administrator).  Plaintiff was hired by the Defendants to work as a full time computer programmer/systems analyst maintaining and administering BDF's core business systems at their Norwalk Production Center, located at 360 Martin Luther King Drive, Norwalk, CT.

12.  Plaintiff never received any training to learn Gleason's field.

13.  In August 2005, Plaintiff was harassed by Peter Gleason, her supervisor, who took pictures of the Plaintiff in various positions with his company cell phone without Plaintiff's consent; Gleason repeatedly refused to delete Plaintiff's picture, even following repeated requests to do so.

14.  Gleason sexually harassed Plaintiff by holding the picture(s) over her; Plaintiff complained to Gleason's then Manager, Jason Phillips, but the harassment continued through January 2008.

15.  Gleason would continually harass Plaintiff about the pictures; especially around yearly evaluation time and company picture taking time.

16.  After Plaintiff complained about Gleason's photography, the Defendants retaliated against her in the terms and conditions of her employment through the creation of a hostile work environment and lowering Plaintiff's evaluations, from August 2005 through January 2008.

17.  Gleason repeatedly made unwelcome and derogatory remarks against the Plaintiff and frequently conveyed his low regard for women in the corporate workplace.  He often made unwelcome comments that were sexual in nature.  His harassing and discriminatory behavior include but is not limited to the following acts, which occurred before August 2005 through January 8, 2008:

(a) commenting about his vasectomy and his sexual activities with his wife and others; such as how he is a one-time sperm shooter that gets his wife pregnant.

(b) many times and in November 2007, Gleason said that his wife takes medicine to keep on an even keel and that it really helps her; otherwise she becomes abusive and starts screaming at him and the children to the point that he wanted to rip her head off.  He said women really need to be put in their place.  Many times he would talk about ripping his wife's head off, and how he wants to really punch her out.

(c) speaking about women in a disparaging way for example, he often spoke about a young female colleague and how she wears thin, low cut blouses and bends down to show 'them' (her breasts) to the male executive colleagues in hopes of getting a promotion.

(d) candidly inferring that females should not be employed in superior professional roles over males in the corporate workplace while mocking the current female executives.

(e) indicating to the Plaintiff that the Defendant should not pay her such a high salary because she's a female, stating that the Plaintiff makes a lot of money for a woman.

(f) intimidated Plaintiff with threatening statements about her age, gender and marital status in order to intimidate the Plaintiff and to deny her advancement in the corporation by stating that the Plaintiff would never find a job at her age, that the Plaintiff should be lucky to have her job.

(g) continuously made racial and gender prejudicial statements about colleagues and their multi-cultural families such as stating that a female Caucasian Vice President has adopted children with "fuzzy hair" because their ethnicity is black.

(h) harassed Plaintiff over an email dialog between the Plaintiff and another women colleague  stating: that it looks like a "cat fight" and how you [Plaintiff] know she likes to fight!

(i) subjected Plaintiff to disparaging remarks about BDF company presidents: often times, Gleason spoke about former presidents, one married president just adopted a baby and the reason they adopted the baby was because the president was 'gay' and how the president wanted to keep his wife happy. The other married president always had girlfriends because his wife was homely and ill.

18. Between August 2005 and January 2008, the Plaintiff was repeatedly insulted, humiliated and victimized by Gleason's harassing and discriminatory behavior towards her.

19. Defendant discriminated against Plaintiff by denying her opportunities and activities that would lead to her advancing to higher positions in the company despite the Defendant's support, development and advancement of the Plaintiff's male colleagues and subordinates.

20. In or around July 2007, the Plaintiff was orally promised a promotion by Peter Gleason and Stephen Shull, to the position of EDI Lead for BDF USA because the contract for the EDI consultant [Mallik Goli] was expiring.

21. A younger male (Kris Abate) received a promotion on or about September 1, 2007, but Plaintiff was never promoted.

22. In November 2007, the Plaintiff was orally promised a promotion by Peter Gleason to the position of Manager of SAP Basis/Security.

23. In the month of December 2007, the Plaintiff used her accrued vacation time to work from home for private medical issues.

24. On Friday, January 4, 2008 it was discovered, through an email, that Peter Gleason and Stephen Shull discriminated against the Plaintiff by failing to promote her to the position of EDI Lead for BDF USA; BDF management appointed the position to a male [Bill Longyear] who had less experience in the EDI field.

25. On Friday, January 4, 2008, Plaintiff made complaints against Gleason to his manager, President, Iain R. Holding, in person regarding the numerous incidents of unwelcome comments, sexual comments, threats, harassment, and discrimination that Plaintiff has been subjected to currently and over the past years of employment by Gleason and others.

26. On Friday, January 4, 2008 after Plaintiff made complaints to President Iain R. Holding, Stephen Shull retaliated in person by making false and harassing statements.

27. On Monday, January 7, 2008, Gleason retaliated against Plaintiff by entering the Plaintiff's office and harassing her over the complaints that she made to President, Iain R. Holding. Furthermore, Gleason would frighten Plaintiff by stating that he is taking classes for his anger management issues.

28. On Tuesday, January 8, 2008, Gleason retaliated against Plaintiff by entering the Plaintiff's office and accusing her of committing a security breach after the Plaintiff made a complaint against Gleason to his manager, President Iain R. Holding on Friday, January 4, 2008.

29. Plaintiff filed complaints with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on February 7, 2008 against Beiersdorf for failure to promote due to a hostile work environment involving age and sex discrimination, harassment, and retaliation.

30. Plaintiff informed, in person, Beiersdorf's HR Kim Wilcox that Plaintiff filed discrimination/harassment complaints with the President of BDF Inc. and filed a complaint with the CHRO.

31. On January 9, 2008 Plaintiff sought medical attention.

32. On or about Monday, January 14, 2008 Plaintiff began her Family & Medical Leave Act (FMLA).

33. After January 4, 2008, the Defendant continuously harassed and retaliated against Plaintiff as follows:

(a) Gleason and others retaliated against Plaintiff with false accusations regarding an alleged security breach after Plaintiff engaged in a protected activity.

(b) On January 16, 2008 Plaintiff filed a police report. Plaintiff was concerned about her safety because Gleason spoke about guns and making people disappear.

(c) Defendant's HR personnel (Nenner, Williams and Wilcox) did not accommodate Plaintiff during and after Short Term Disability (STD) and Long Term Disability (LTD) periods knowing Plaintiff's disability (Spondylolisthesis), by requesting and requiring unreasonable activities beyond Plaintiff's medical capabilities.

(d) Defendant's HR personnel (Nenner, Williams and Wilcox) then continued and more aggressively harassed, discriminated and retaliated against Plaintiff to the extent that Defendant threatened Plaintiff saying she would lose her benefits.

(e) After Plaintiff filed complaints with the CHRO, Defendant's HR personnel (Nenner, Williams and Wilcox) and Gleason retaliated by breaching an agreement and refusing to give Plaintiff her 2007 annual salary increase as promised, knowing it would affect the amount of Plaintiff's long term medical benefits.

(f) Defendants' failure to promote Plaintiff in 2007 (SAP) & 2007 (EDI) and failure to compensate Plaintiff for a promised 2007 annual salary increase [due in January 2008] in retaliation after plaintiff filed a CHRO complaint caused economic loss to Plaintiff and to Plaintiff's benefit plan contributions and income: pension plan and 401K including LTD disability benefit.

(g) Plaintiff never received a $20,000.00 bonus which she was promised and entitled to at the end of 2007 and the beginning of 2008.

(h) Plaintiff was not given a reasonable accommodation under the Americans with Disabilities Act (ADA): Defendants were aware that the Plaintiff was disabled during Plaintiff's STD leave per a doctor's note.

(i) The Defendants misled and breached a separate employment agreement that would protect Plaintiff's current specific job until the Plaintiff's doctor could evaluate her condition.

(j) On July 28, 2008 the Defendants retaliated by terminating Plaintiff's employment after Plaintiff continued to file her discrimination charges/complaints with the CHRO.

34.  Plaintiff had a separate employment agreement with the Defendants that would allow Plaintiff to keep her current specific job. Defendant's retaliated and breached this private employment agreement with Plaintiff because she continued to utilize her protected right to file complaints with the CHRO; resulting in wrongful termination.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Sexual Harassment Discrimination under Title VII)

35. Plaintiff hereby realleges each allegation contained in Paragraphs 1 through 34 as if fully set forth at length herein.

36. Based upon the acts and practices as alleged above, including but not limited to subjecting Plaintiff to unwelcome sexual behavior, conversations and/or comments, the Plaintiff was subjected to invidious discrimination and harassment based upon her sex.

37. Defendant condoned the discriminatory acts and practices as alleged above, and as a result, the Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages.

38. Due to Defendant's discriminatory acts as stated above, Plaintiff has suffered mental anguish, emotional distress, and humiliation.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Sexual Harassment Discrimination under Conn. GS §46a-60(a)(1))

39. Plaintiff hereby realleges each allegation contained in Paragraphs 1 through 34 as if fully set forth at length herein.

40. Based upon the acts and practices as alleged above, including but not limited to subjecting Plaintiff to unwelcome sexual behavior, conversations and/or comments, the Plaintiff was subjected to invidious discrimination and harassment based upon her sex.

41. Defendants condoned the discriminatory acts and practices as alleged above, and as a result, the Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages.

42. Due to Defendant's discriminatory acts as stated above, Plaintiff has suffered mental anguish, emotional distress, and humiliation.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Age Discrimination under the ADEA)

43. Plaintiff hereby realleges each allegation contained in Paragraphs 1 through 34 as if fully set forth at length herein.

44. The ADEA, creates statutory rights against invidious discrimination and harassment based upon age in the terms, conditions, or privileges of employment.

45. Based upon the acts and practices as alleged above, including but not limited to subjecting Plaintiff to unwelcome comments, and/or selecting younger, less experienced individuals for promotions, the Plaintiff was subjected to invidious discrimination and harassment based upon her age.

46.  Defendants condoned the discriminatory acts and practices as alleged above, and as a result, the Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages.

47.  Due to Defendant's discriminatory acts as stated above, Plaintiff has suffered mental anguish, emotional distress, and humiliation.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
(Hostile Work Environment under Title VII)

48.  Plaintiff hereby realleges each allegation contained in Paragraphs 1 through 34 as if fully set forth at length herein.

49.  Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation that is sufficiently severe or pervasive to alter the conditions of [Plaintiff's] work environment.

50.  Based upon the defendants' discriminatory and harassing acts and practices as alleged above the Plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of her work environment.

51.  Defendants condoned the discriminatory acts and practices as alleged above, and as a result, the Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages.

52.  Due to Defendant's discriminatory acts, Plaintiff has suffered mental anguish, emotional distress, and humiliation.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
(Hostile Work Environment under Conn. GS §46a-60(a)(1))

53.  Plaintiff hereby realleges each allegation contained in Paragraphs 1 through 34 as if fully set forth at length herein.

54.  Pursuant to Conn. GS §46a-60(a)(1), it is an unlawful employment practice for an employer to create or condone a work environment permeated with discriminatory intimidation that is sufficiently severe or pervasive to alter the conditions of [Plaintiff's] work environment.

55.  Based upon the defendants' discriminatory and harassing acts and practices as alleged above the Plaintiff was subjected to a workplace which was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe and pervasive enough to alter the conditions of her work environment.

56.  Defendants condoned the discriminatory acts and practices as alleged above, and as a result, the Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages.

57. Due to Defendant's discriminatory acts, Plaintiff has suffered mental anguish, emotional distress, and humiliation.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
(Discrimination under the ADA)

58. Plaintiff hereby realleges each allegation contained in Paragraphs 1 through 34 as if fully set forth at length herein.

59. The ADA, creates statutory rights against invidious discrimination and harassment in all employment practices, including: promotion(s), benefits, and leave.

60. Based upon the acts and practices as alleged above, including but not limited to such acts as:  refusing to give Plaintiff her annual salary increase as promised; denying requested reasonable accommodation(s); terminating Plaintiff's group plan(s) participation, the Plaintiff was subjected to invidious discrimination and harassment based upon her disability under the ADA while engaged in a protected activity during and after Plaintiff's FMLA and under LTD Disability resulting in an adverse employment action.

61. Defendants condoned the discriminatory acts and practices as alleged above, and as a result, the Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings and other employment benefits, and has suffered other monetary and compensatory damages.

62. Due to Defendant's discriminatory acts, Plaintiff has suffered mental anguish, emotional distress, and humiliation.

**WHEREFORE**, Plaintiff asks that this court exercise jurisdiction of his claims and award (for all six counts):

      1. Monetary damages;

      2. Emotional distress;

      3. Attorney's fees and costs of this action; and

      4. Any other relief that this court deems just and equitable.

      THE PLAINTIFF
      DEBRA LEE KRAUS

      By: _/s/ Leonard A. McDermott
          Leonard A. McDermott
          Fed. Bar No. CT 21996
          Employee Advocates, LLC
          35 Porter Avenue, 7B
          P.O. Box 205
          Naugatuck, CT 06770
          (203) 723-9610
          (203) 723-1032 (fax)

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEBRA LEE KRAUS | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:09−CV−01697 (MRK) |
| | : | |
| VS. | : | |
| | : | |
| BEIERSDORF INC, aka | : | |
| BEIERSDORF NORTH AMERICA INC.; | : | |
| *Defendant* | : | JULY 14, 2010 |

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civil P., Rule 38, Plaintiff in the above-captioned matter hereby demands a trial by jury on all issues.

THE PLAINTIFF
DEBRA LEE KRAUS


By: <u>/s/ Leonard A. McDermott</u>
    Leonard A. McDermott
    Fed. Bar No. CT 21996
    Employee Advocates, LLC
    35 Porter Avenue, 7B
    P.O. Box 205
    Naugatuck, CT 06770
    (203) 723-9610
    (203) 723-1032 (fax)