UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DEBRA LEE KRAUS,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | :     No. 3:09cv01697 (MRK) |
| | : |
| **BEIERSDORF, INC. aka BEIERSDORF** | : |
| **NORTH AMERICA, INC. et al.,** | : |
| | : |
| **Defendant.** | : |

## RULING AND ORDER

Currently pending before the Court are Defendant Beiersdorf, Inc.'s ("Beiersdorf") Motion to Dismiss [doc. # 95], Beiersdorf's Motion for Sanctions [doc. # 98], Beiersdorf's Request for Sanctions [doc. # 105], and Beiersdorf's Motion for Clarification [doc. # 114].

Plaintiff Debra Lee Kraus filed this *pro se* action on October 22, 2009 alleging discrimination and harassment based on sex, national origin, and pregnancy in terms and conditions of employment; hostile work environment; and wrongful termination for opposition to unlawful practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; and Connecticut General Statutes §§ 46a-60(a)(1), 46a-60(a)(4), 31-51pp, and 31-75. *See* Compl. [doc. # 1] at 1-2. On December 23, 2009, Ms. Kraus amended her complaint to include allegations of discrimination and harassment based on physical disability, age, gender, and marital status, as well as unlawful retaliation. *See* Am. Compl. [doc. # 5] at 3. She also alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. *Id.* On April 14, 2010, Ms. Kraus again amended her complaint, this time to include violations of the Employee

1

Retirement Income Security Act, 29 U.S.C. §§ 1001-1461. *See* Second Am. Compl. [doc. # 8] at 3. On July 19, 2010, Ms. Kraus amended her complaint to limit defendants to Beiersdorf, to remove some of the aforementioned allegations, and to note that she had received three notices of right to sue Beiersdorf from the Equal Employment Opportunity Commission. Third Am. Compl. [doc. # 15]. Although Ms. Kraus has been represented by three attorneys at different times during the course of this suit, she is currently proceeding as a *pro se* plaintiff. The Court granted counsels' requests to withdraw from the case on October 14, 2010, Order [doc. # 37], and June 21, 2011, Order [doc. # 111].

Ms. Kraus has repeatedly failed to comply with discovery requirements. These failures include her delay in producing information regarding the identity of her treating physician, her medical records, her use of prescription medications, her relationship with Christopher Arpie and his role in this litigation, her use of computers and e-mail, and her ability to be deposed or testify in this case. *See* Def.'s Mem. in Support of Mot. to Dismiss [doc. # 96] at 2-6. Ms. Kraus also has disregarded this Court's April 26, 2011 Order [doc. # 72] to produce to Beiersdorf by April 28, 2011 a signed authorization to obtain her Social Security Disability application and associated documentation. *See id.* at 6; *see also* Order [doc. # 83]. Furthermore, Ms. Kraus's physician, Dr. Ali Hasmi, provided a letter to Ms. Kraus stating that she would be unable to be deposed due to risks to her health, but Ms. Kraus or her counsel concealed this letter from Beiersdorf while it was attempting to schedule Ms. Kraus's deposition. Def.'s Mem. in Support of Mot. to Dismiss [doc. # 96] at 5. After Beiersdorf questioned Ms. Kraus's ability to proceed with this case, on May 3, 2011, this Court ordered Ms. Kraus's counsel to file a notice no later than June 15, 2011 informing the Court whether Ms. Kraus would ever be physically capable of being deposed or testifying in this case. Order [doc. # 83]. Ms. Kraus has not responded to that Order.

All told, this Court has held eight discovery-related telephonic status conferences in this case. In the most recent June 21, 2011 conference, Ms. Kraus expressed an interest in Attorney Bochanis and Attorney Weihing being allowed to withdraw so that she could seek new counsel and left the telephone conference abruptly thereafter. Ms. Kraus has not taken any action in this case since that conference.

On June 21, 2011, this Court issued an Order [doc. # 111] providing that, among other things, Beiersdorf's Motion to Dismiss [doc. # 95], Beiersdorf's Motion for Sanctions [doc. # 98], and Beiersdorf's Request for Sanctions [doc. # 105] would be discussed at a subsequent hearing originally scheduled for July 12, 2011. Order [doc. # 111]. The Court warned Ms. Kraus that, because she had not complied with discovery requests, the case would be dismissed without prejudice and without fees or costs. *Id.* The Court also noted that Ms. Kraus could appear at the hearing to contest the Order. *Id.* Ms. Kraus failed to appear at the rescheduled July 11, 2011 hearing.

Rule 41(b) of the *Federal Rules of Civil Procedure* allows a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); *see* Fed. R. Civ. P. 41(b). There are detailed factors to consider before dismissing a case for failure to comply with a court order, and where there is a *pro se* litigant, courts should conduct this analysis leniently. *See Shabtai v. Levande*, 38 Fed. App'x 684, 687 (2d Cir. 2002) (summary order). A district court must consider:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district court judge has take[n] care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994) (quotation marks omitted). "No one factor is dispositive," and the "record as a whole" should be evaluated. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004).

Examining the factors in the context of this case, the Court finds that dismissal is appropriate. After over twenty months of litigation, Ms. Kraus has not yet been deposed and has repeatedly failed to comply with discovery requests and Court orders. Even after Ms. Kraus was notified that her delays would result in dismissal, *see* Order [doc. # 111], Ms. Kraus took no action and did not appear for the Court's hearing. The first two factors thus weigh in favor of dismissal.

As to the third factor, the Second Circuit has held that the question of prejudice "turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. Insofar as Beiersdorf has been repeatedly stymied in its attempts to take discovery, the Court concludes that Beiersdorf will be further prejudiced by continued delay and noncompliance. Furthermore, as Beiersdorf noted, the Court has been involved in discovery in this case more often than in any other case in recent memory. Def.'s Mem. in Support of Mot. to Dismiss [doc. # 96] at 2. The Court believes that Ms. Kraus has been given a fair chance to be heard and that lesser sanctions will not be effective. Even a lenient application of the five *Nita* factors favors dismissal. *See Nita*, 16 F.3d at 485.

However, Ms. Kraus indicated before she abruptly ended the telephonic conference with the Court that she wanted to find a new lawyer. Therefore, this Court will dismiss Ms. Kraus's lawsuit without prejudice to re-filing by a date certain. This Court holds that this case is DISMISSED without prejudice and without fees or costs for failure to prosecute. **The Clerk is**

**directed to close the file.** This case is subject to being re-filed by September 22, 2011. This will give Ms. Kraus over four months from the date her most recent attorneys filed a motion to withdraw to locate new counsel. *See* Mot. to Withdraw [doc. # 86]. If the case is not re-filed by that date, Beiersdorf may move to have the case dismissed with prejudice.

Beiersdorf's Motion to Dismiss [doc. # 95] is GRANTED IN PART and DENIED IN PART. As this Court disfavors imposing sanctions against *pro se* litigants, Beiersdorf's Motion for Sanctions [doc. # 98] and Request for Sanctions [doc. # 105] are DENIED. Finally, as this Court has clarified its June 21, 2011 Order [doc. # 111] both in the hearing and in this opinion, Beiersdorf's Motion for Clarification [doc. # 114] is GRANTED.

**IT IS SO ORDERED.**

/s/ <u>     Mark R. Kravitz     </u>
United States District Judge

Dated at New Haven, Connecticut: **July 14, 2011.**